**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| KEITH T. SAYLOR ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 1:14-CV-1709 AJT/TCB |
| PINNACLE CREDIT SERVICES, LLC ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

## **DEFENDANT'S ANSWER TO COMPLAINT**

Your Defendant, Pinnacle Credit Services, LLC, in answer to the Complaint filed herein states as follows:

1. The allegations in Paragraph 1 of the Complaint set forth an allegation as to jurisdiction for which an answer either admitting or denying the allegation is not required.

2. Upon information and belief, Defendant admits that the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. In answer to the allegations in Paragraph 4 of the Complaint, Defendant admits that it acquires defaulted debts, some but not all of which, are incurred for personal, family or household purposes.

5. In answer to the allegations in Paragraph 5 of the Complaint, Defendant admits that it acquires written-off or charged-off accounts which are listed as bad debts but otherwise denies all remaining allegations set out therein.

6. In answer to the allegations in Paragraph 6 of the Complaint, Defendant admits that it pursues collection of the accounts that it purchases but otherwise denies all remaining allegations in the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint..

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Upon information and belief, Defendant admits that the allegations in Paragraph 10 of the Complaint.

11. In answer to the allegations in Paragraph 11 of the Complaint, Defendant admits that it purchased an account owed by the Plaintiff to Citibank for a Home Depot charge card and in further answer to the Complaint, avers that the account was established for business or commercial purposes based on the documents evidencing the debt.

12. In answer to the allegations in Paragraph 12 of the Complaint, Defendant admits that it reported Plaintiff's account to credit reporting agencies but otherwise denies all remaining allegations.

13. Defendant is without sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint.

14. Defendant is without sufficient information to admit or deny the allegations in Paragraph 14 of the Complaint.

15. Defendant is without sufficient information to admit or deny the allegations in Paragraph 15 of the Complaint.

16. Defendant is without sufficient information to admit or deny the allegations in Paragraph 16 of the Complaint.

17. Defendant is without sufficient information to admit or deny the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. In answer to the allegations in Paragraph 19 of the Complaint, Defendant denies that it received information containing the contents of the letters but avers that it responded to the inquiries from the credit reporting agencies.

20. In answer to the allegations in Paragraph 20 of the Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

21. In answer to the allegations in Paragraph 21 of the Complaint, Defendant admits that it reported Plaintiff's debt to credit reporting agencies stating that it has a past due balance.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. In answer to the allegations in Paragraph 26 of the Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. In answer to the allegations in Paragraph 29 of the Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. In answer to the allegations in Paragraph 36 of the Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. In answer to the allegations in Paragraph 40 of the Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

41. In answer to the allegations in Paragraph 41 of the Complaint, Defendant avers that it reported the Plaintiff's debt to credit reporting agencies as one where he had failed to make payments as agreed.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's state law claim for defamation in Count V is preempted by the Fair Credit Reporting Act.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the acts or conduct of third parties not named in the lawsuit including the credit reporting agencies listed in the Complaint and the other creditors furnishing information to those credit reporting agencies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

WHEREFORE, having fully answered the Complaint, Defendant asks that it be dismissed, with prejudice and that Plaintiff be required to pay its costs, expenses and attorney fees.

THE LAW OFFICES OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire, VSB #87187
Bradley T. Canter, Esquire, VSB #86766
200-A Monroe Street, #104
Rockville, Maryland 20850
E-Mail:  rcanter@roncanterllc.com
E-Mail:  bcanter@roncanterllc.com
Telephone:  (301) 424-7490
*Attorneys for Defendant Pinnacle Credit Services, LLC*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by Electronic Notification pursuant to ECF procedures on this 18th day of December, 2014 to:

Ernest P. Frances, Esquire
ERNEST P. FRANCIS, LTD.
505 Wythe Street
Alexandria, Virginia 22314
epfrancisltd@verizon.net
*Attorney for Plaintiff*

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
*Attorneys for Defendant Pinnacle Credit Services, LLC*