IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| KEITH SAYLOR, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 1:14-cv-1709-AJT-TCB |
| ) | |
| PINNACLE CREDIT SERVICES, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |

## BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION FOR DISMISSAL OF COUNT IV OF COMPLAINT

Plaintiff is moving to dismiss Count IV of his complaint in this action without prejudice in order to prevent Defendant from manipulating its reporting to the consumer reporting agencies (Equifax, Experian, and TransUnion) ("CRAs") for the purpose of defeating Plaintiff's claim(s) for damages.  Under Fed. R. Civ. P. 41(a)(2), the Court may order a dismissal without prejudice. For the reasons stated herein, that is the appropriate disposition as to Count IV of Plaintiff's complaint.

Count IV of the complaint seeks recovery against Defendant under 15 U.S.C. § 1681o (which only allows recovery for actual damages) for negligently reporting false information to the CRAs after Plaintiff disputed what Defendant had reported to them prior to the dispute.  As Defendant has admitted, Defendant (after Plaintiff filed this action) removed from Plaintiff's credit file with the CRAs what Defendant had previously reported to them.  In light of Defendant's deletion from Plaintiff's credit file of what Defendant had reported to the CRAs

about Plaintiff, Plaintiff no longer has a viable claim for actual damages and dismissal of Count IV of the complaint is therefore appropriate.[1]

While dismissal of Count IV is appropriate at this point, that dismissal must be without prejudice to prevent Defendant from injuring Plaintiff in the future through manipulation of its reporting to the CRAs about Plaintiff. Plaintiff has on repeated occasions proposed to Defendant that various parts of the complaint be dismissed if Defendant would agree not to report to the CRAs in the future what it has already admitted deleting from Plaintiff's credit file with them. To the extent that Defendant responded to these proposals at all, it has refused to agree. Again, all that Plaintiff was requesting from Defendant as a condition to dismissal was that Defendant not report in the future what it had already deleted.

The only conclusion that the reasonable person can draw from this refusal is that Defendant at some point wants to resume reporting what it has now deleted. Defendant's apparent strategy is to prevent recovery of damages in this action through deleting what it reported to the CRAs about Plaintiff - and then resume such reporting after it has secured judgment in its favor in this action because Plaintiff cannot show damages.

Dismissal of Count IV without prejudice will prevent Defendant from succeeding in its scheme to avoid damage recovery through deletion of what it reported to the CRAs and then resume reporting to the CRAs after securing judgment in this action. Defendant suffers no harm from a dismissal without prejudice. If what Defendant has taken off of Plaintiff's credit report at the CRAs stays off, then Plaintiff has no claim under § 1681o, and the dismissed count under

---

[1] Section 1681o, unlike the other grounds for recovery alleged in Plaintiff's complaint, allows recovery of only actual damages.

that section will not be refiled.    If Defendant chooses to resume reporting what it has deleted, then the dismissed count is appropriately brought as a new action in order to preclude Defendant from denying a damage recovery through the artifice of its manipulation of what it reports to the CRAs.  Defendant has no right to manipulate its credit reporting for the purpose of avoiding damages, and cannot complain if a renewed action is brought against it for doing so.  Accordingly the dismissal of Count IV in the instant case needs to be without prejudice.

         Respectfully submitted


         /s/Ernest P. Francis
         Ernest P. Francis, VSB#27276
         ERNEST P. FRANCIS, LTD.
         505 Wythe Street
         Alexandria, VA 22314
         (703) 683-5696
         Fax (703) 683-2785
         E-mail: epfrancis@tristateconsumerlawyer.com

         Attorney for Plaintiff

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that I will this 25th day of June, 2015, electronically file the foregoing Brief in Support of Plaintiff's Motion for Dismissal of Count IV of Complaint with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to Ronald S. Canter, Esq., and Bradley T. Canter, Esq., at their office at The Law Offices of Ronald S. Canter, LLC, 200-A Monroe Street, No. 104, Rockville, MD 20850, through their e-mail addresses at rcanter@roncanterllc.com and bcanter@roncanterllc.com.


        /s/Ernest P. Francis
        Ernest P. Francis, VSB#27276
        ERNEST P. FRANCIS, LTD.
        505 Wythe Street
        Alexandria, VA 22314
        (703) 683-5696
        Fax (703) 683-2785
        E-mail: epfrancis@tristateconsumerlawyer.com

        Attorney for Plaintiff