IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| KEITH T. SAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-1709 (AJT/TCB) |
| | ) | |
| PINNACLE CREDIT SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion for Summary Judgment [Doc.
Nos. 32, 47, 48] and Plaintiff's Motion for Dismissal of Count IV of Complaint [Doc. No. 74]
(the "Motions").  A hearing on the Motions was held on June 26, 2015, following which, the
Court took the Motions under advisement.  Upon consideration of the Motions, the memoranda
filed in support thereof and in opposition thereto and the argument presented by counsel at the
hearing, the Court concludes that there are no genuine issues of material fact and the Defendant
is entitled to summary judgment as a matter of law. Defendant's Motion for Summary Judgment
is therefore GRANTED and Plaintiff's Motion for Dismissal of Count IV is DENIED as moot.

### I.    BACKGROUND

Defendant Pinnacle Credit Services, LLC ("Pinnacle" or "Defendant") is in the business
of buying delinquent debts at a steep discount [Doc. No. 1-1 ¶¶ 4, 6] ("Compl.").  This dispute
revolves around Defendant's handling of a delinquent credit card account in Plaintiff's name.
The Complaint alleges multiple violations by Defendant of the Fair Debt Collection Practices
Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Counts I and II), and the Fair Credit Reporting Act
("FCRA"), 15 U.S.C. § 1681 et seq. (Counts III and IV), as well as common law defamation

(Count V), as a result of what information Defendant furnished to credit reporting agencies. This Court has jurisdiction under 28 U.S.C. § 1331.[1] Based on the record before the Court, the following is undisputed, unless indicated otherwise:[2]

In March 2007, Plaintiff Keith Saylor ("Plaintiff" or "Saylor") opened a Home Depot branded Citibank business credit card account in his own name and used the account to make purchases for his carpentry business ("the account"). Saylor Dep. 16:6-19, May 4, 2015, Doc. No. 32-3. Plaintiff did not use the account for personal, family, or household purposes. Saylor Dep. 18:11-15. The last payment received by Citibank was in May 2008. Castle Decl. ¶ 11, Doc. No. 33-1. After Saylor became delinquent on his payments, Citibank charged off the account in December 2008 and sold the charged off account to Fourscore Resource Capital LLC ("Fourscore") in February 2010. Castle Decl. ¶ 11, Ex. A ¶ 7. At that time, the unpaid balance

---

[1] Plaintiff originally filed this action in the Circuit Court of Loudoun County on November 3, 2014 [Doc. No. 1-1]. Defendant was served with the Complaint on November 13, 2014, and timely removed the action to this Court on December 11, 2014 under 28 U.S.C. 1446(b) [Doc. No. 1].

[2] The Rule 16(b) Order entered in this action states that a "brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movant's section, each of the movant's enumerated facts and indicating whether the non-movant admits or disputes the fact with appropriate citations to the record" [Doc. No. 6]. The Order further provides that "[t]he Court may assume that any fact identified by the movant as undisputed in the movant's brief that is not specifically controverted in the non-movant's brief in the manner set forth above is admitted for the purpose of deciding the motion for summary judgment." *Id.* In Plaintiff's initial opposition to the summary judgment motion, Plaintiff failed to include the section required by the 16(b) Order. *See* Pltf.'s First Opp., Doc. No. 54. Plaintiff did, however, include this section in his supplemental opposition; and the Court has considered the record as a whole in determining which facts are undisputed. *See* Pltf.'s Supp. Opp., 1–2, Doc. No. 58.

on the account was approximately $28,700. Castle Decl., Ex. A ¶ 5. In June 2010, Fourscore transferred the account to Pinnacle.[3] Castle Decl. ¶ 9.

In October 2013, Saylor mailed credit dispute letters to TransUnion, Equifax, and Experian (collectively, the "credit reporting agencies" or "CRAs"), disputing, as Pinnacle reported, that with accruing interest the account had a past due balance in excess of $37,000 owed to Pinnacle. Saylor Dep. 39:13–18. In response to this dispute, Pinnacle reported on the credit reporting dispute verification it received from the CRAs that it did not report the account as "charged off," as Plaintiff claimed, because the amount had been charged off in December 2008 by Citibank, not Pinnacle. Castle Decl. ¶¶ 12, 16; Castle Dep. 132:2-5, May 11, 2015, Doc. No. 58-1. Pinnacle further reported that the account was listed as a "collection account" because the account was past due and had been referred to a third party debt collection agency. Castle Decl. ¶ 16; Castle Dep. 132:6-16. In November 2013, Pinnacle received notices from the CRAs that Plaintiff was disputing the account. Vita Decl. ¶¶ 10, 14, 18, Doc. No. 47-1. Pinnacle also received copies of Mr. Saylor's five page letters to Equifax and Trans Union to which he attached his credit reports and identification. Vita Decl. ¶¶ 12, 16.

Pinnacle has written policies and procedures that govern its reinvestigation of consumer disputes once it receives notice of a dispute from a CRA. Vita Decl. ¶¶ 7, 8, 9. These procedures include having an employee review any documents attached to the dispute notifications to determine whether the documents support the dispute. Vita Decl. ¶ 7. If no documents are attached, or no proof is presented, the employee will instruct Pinnacle's computer system to automatically populate the demographic and financial fields of the Automated Credit

---

[3] Plaintiff has withdrawn his challenge to Defendant's claim of ownership of the account. *See* Pltf.'s Withdrawal of Mot. to Am. Pltf.'s Compl., 1–2, Doc. No. 77.

Reporting Dispute Verification ("ACDV") with the most current information in Pinnacle's computer system. Vita Decl. ¶ 9. When a credit reporting dispute does not claim fraud, identity theft or previous payments, the procedure involves having Pinnacle's computer system compare the demographic and financial data on the ACDV with Pinnacle's data, and submit updates and/or corrections with its ACDV response. *Id.* Pinnacle followed these policies and procedures when it responded to Plaintiff's credit reporting dispute. Vita Decl. ¶¶ 13, 17, 20. Pinnacle conducted its investigation in accordance with its procedures applicable to disputes that do not involve claims of fraud, identify theft, or previous payments. *Id.* In November 2014, after this action was filed, Pinnacle deleted the account from Plaintiff's credit report. Vita Decl. ¶ 21. On May 15, 2015, Defendant filed the pending Motion for Summary Judgment [Doc. Nos. 32, 47, 48].

## II. STANDARD OF REVIEW

Summary judgment is appropriate only if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996). The party seeking summary judgment has the initial burden to show the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). To defeat a properly supported motion for summary

4

judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 247-48 ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original). Whether a fact is considered "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. The facts shall be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party. *Id.* at 255; *see also Lettieri v. Equant Inc.*, 478 F.3d 640, 642 (4th Cir. 2007).

## III.   ANALYSIS

### A.   Plaintiff's Claim that Defendant Violated the FDCPA (Counts I and II)

"To establish a violation of the FDCPA, three requirements must be satisfied: (1) the plaintiff who has been the target of collection activity must be a 'consumer' as defined in § 1692a(3); (2) the defendant collecting the debt must be a 'debt collector' as defined in § 1692a(6); and (3) the defendant must have engaged in any act or omission in violation of the FDCPA." *Morgan v. Credit Adjustment Bd., Inc.*, 999 F. Supp. 803, 805 (E.D. Va. 1998). The FDCPA defines "debt," in relevant part, as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 336 (4th Cir. 2012) (citing 15 U.S.C. § 1692a(5)). A "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

5

Here, the parties agree that the account at issue was not a personal account to which the FDCPA would apply. Plaintiff stated, under oath at his deposition, that he made purchases at Home Depot in connection with his carpentry business and that he did not recall purchasing anything for personal use. Saylor Dep. 18:11-15. Plaintiff has therefore failed to establish an element of his FDCPA claims, and the Court will grant judgment in Defendant's favor on Counts I and II.[4]

## B.   Plaintiff's Claims that Defendant Violated the FCRA (Counts III and IV)

### 1.   Accuracy of Pinnacle's Reporting

In support of its FCRA claims, Plaintiff argues that Defendant violated the FCRA by engaging in the following conduct: (1) reporting that the account had an outstanding balance after the statute of limitations had run for enforcement of the debt; (2) failing to report that the account was "charged off"; (3) reporting that the account was a "collection account"; and (4) reporting a business account on a report that pertained to consumer debt. Defendant argues that it is entitled to summary judgment on Counts III and IV because (1) all information it provided to CRAs about Saylor's debt was accurate, as a matter of law; and (2) Pinnacle conducted a reasonable investigation of Plaintiff's dispute challenging the amount of debt so that even if Pinnacle's reporting was inaccurate, Plaintiff is not entitled to damages because he cannot show that Pinnacle willfully failed to conduct a reasonable investigation.

---

[4] Plaintiff claims that Defendant "treated" and reported the account as a consumer debt and therefore subjected itself to the FDCPA. However, the statutory scope of the FDCPA is limited to consumer debts, which the account was clearly not. Moreover, Plaintiff's account was never characterized as a "consumer account" for the purposes of the FDCPA. At most, it was treated as a reportable debt under a consumer account reporting statute, the FCRA.

First, Plaintiff argues Pinnacle violated the FCPA by reporting an account on which the applicable five year statute of limitations had run. *See* Va. Code § 8.01-246 (providing a five year statute of limitations period for written contracts). This claim is without merit as a matter of law. First, under applicable Virginia law "[t]he running of the statute of limitations merely bars the creditor's remedy but does not extinguish the debt." *Fid. & Cas. Co. of New York v. Lackland*, 8 S.E.2d 306, 307 (1940). For this reason, and as the parties acknowledged at the summary judgment hearing, the running of the statute of limitations is merely an affirmative defense to any lawsuit.

With respect to Plaintiff's claims that Pinnacle violated the FCPA when it reported the account as a "collection" account and failed to report that the account was charged-off by Citibank, the Court concludes as a matter of law that Defendant accurately and truthfully disclosed the status of the account as a collection account and that it did not violate the FCPA when it did not report that Citibank had charged off the account in 2008. It is undisputed that Pinnacle bought and held the account as a collection account and had, in fact, referred the account to third-party collectors. *See* Castle Decl. ¶ 16; Castle Dep. at 132:6-16. There is no express statutory requirement that Defendant report how the account was treated over the entire life of the account or during periods that preceded Pinnacle's ownership of the account.

Finally, Plaintiff claims that Defendant violated the FCPA when it reported information on Saylor that exceeded that properly reportable in a "consumer report," specifically a non-reportable business debt account, not a reportable consumer debt. The FCRA broadly defines the term "consumer report" to mean "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit

7

standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit." 15 U.S.C. § 1681a(d)(1)(A)). It is undisputed that Saylor became delinquent on an account that was opened in his name personally and on which he was personally responsible. For these reasons, his delinquency on that business account may be reasonably seen as having a "bearing on an individual's credit worthiness" and was properly reported. The record also contains undisputed evidence that as a matter of industry wide practice, based on the requirements of the FCPA, when a consumer is personally liable for a business account, the consumer's information, rather than the business name, will be added to the consumer credit databases. *See* Canter Decl., Ex. E, Doc. No. 59-3. For these reasons, the Court concludes that there are no genuine issues of material fact with respect to the propriety of Defendant's reporting concerning the account and that Plaintiff has failed as a matter of law to establish any violation of the FCPA.[5]

2.   *Reasonableness of Pinnacle's Investigation*

In order to recover damages under the FCPA, Plaintiff must show that any inaccuracy in Defendant's reporting with respect to the account was the result of a willful failure to conduct a reasonable investigation. *See* § 1681n .[6] To prove willfulness, a plaintiff must show that the

---

[5] Saylor contends that a reasonable fact finder could draw the necessary inferences to impose liability under the FCPA from Defendant's deletion of the account from Saylor's report after this action was filed. The Court concludes as a matter of law that Defendant's deletion of the account from Saylor's report after the action was filed would not permit a reasonable inference that Defendant had engaged in false reporting with respect to that account.

[6] Plaintiff concedes that it cannot establish actual damages and seeks to recover only statutory damages under § 1681n only for Pinnacle's willful noncompliance. *See* Pltf.'s First Opp., 3; Pltf.'s Supp. Opp., 8.

defendant "knowingly and intentionally committed an act in conscious disregard for the rights of the consumer." *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 418 (4th Cir. 2001).

Here, the record fails to establish willfulness as a matter of law. It is undisputed that Defendant conducted an investigation into Plaintiff's credit reporting dispute pursuant to Defendant's established policies and procedures. Those procedures included reviewing Saylor's five page letters to the CRAs that were attached to Saylor's disputes and the ACDV forms; determining whether the documents supported the dispute; verifying the data on the ACDV with Pinnacle's data in its computer system; and submitting updates and/or corrections with its ACDV response. Because Saylor did not claim fraud, identity theft or previous payments, the circumstances did not require any further investigation. Moreover, because Pinnacle had followed its standard procedures and concluded based on that investigation that it had properly reported the account, a reasonable fact finder could not infer, based on that investigation, that Pinnacle willfully disregarded Plaintiff's rights; and Plaintiff has not proffered any other evidence from which a reasonable fact finder could find that Pinnacle acted "in conscious disregard for the rights" of the Plaintiff.

C.    **Plaintiff's Defamation Claim (Count V)**

Because there were no false statements in what Pinnacle reported to the CRAs, Plaintiff has also failed to state a claim for defamation, which requires the publication of a false statement. Nor is the evidence sufficient to establish that Plaintiff would be entitled to compensatory or punitive damages with respect to any false statement. There is no evidence of any actual damages and in order to recover punitive damages in a defamation case, the plaintiff must prove actual malice by "clear and convincing evidence that [the defendant] *either* knew the

9

statements he made were false at the time he made them, *or* that he made them with a reckless disregard for their truth." *Ingles v. Dively,* 246 Va. 244, 253, 435 S.E.2d 641, 646 (1993) (emphasis added).  In short, to recover punitive damages, Plaintiff must meet a higher standard than that for willfulness.  For the reasons stated above, the record before the Court is insufficient to establish willfulness and it is therefore insufficient *a fortiori* to establish that Defendant acted with malice.

CONCLUSION

For the above reasons, the Defendant's Motion for Summary Judgment is GRANTED as to all counts and the action will be dismissed.

The Court will issue an appropriate Order.

/s/

Anthony J. Trenga
United States District Judge

July 16, 2015
Alexandria, Virginia