**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| KEITH T. SAYLOR            ) | |
|                            ) | |
|     Plaintiff,             ) | |
|                            ) | |
| v.                         ) | Civil Action No. |
|                            ) |    1:14-CV-1709 AJT/TCB |
| PINNACLE CREDIT SERVICES, LLC ) | |
|                            ) | |
|     Defendants.            ) | |
|                            ) | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY FEES AND COSTS

**I.    PROCEDURAL HISTORY AND RELEVANT FACTS**

On November 3, 2014, Plaintiff Keith T. Saylor ("Saylor"), filed a five count Complaint against Pinnacle Credit Services, LLC ("Pinnacle") in the Circuit Court for Loudon County, Virginia. Pinnacle timely removed the case to this Court (Doc. No.1).

Saylor's lawsuit relates to Pinnacle's acquisition, by assignment, of his Citibank Home Depot Business Credit Card and its subsequent furnishing of information about this debt to credit reporting agencies. His Complaint asserted violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et. seq. (Counts I and II); the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et. seq. (Counts III and IV) and a common law claim for defamation (Count V). All the causes of action relate to the information that Pinnacle furnished to credit reporting agencies about the Home Depot Credit Card debt.

On January 12, 2015, undersigned counsel sent an e-mail to Plaintiff's counsel explaining that that the subject debt was incurred for business purposes. *See*, Exhibit 1 ("I am enclosing a copy of the Home Depot Business Rewards MasterCard Application signed by Mr. Saylor along

1

with his personal guaranty of this business account"). [1] Attached to the e-mail was the account application) signed by Mr. Saylor. (Exhibit 2) [2] Plaintiff's counsel responded on January 17, 2015, claiming that Pinnacle had to do more than:

> "produce a piece paper entitled 'Business Rewards MasterCard Application" to defeat my client's claims under the FDCPA. As I am certain you will agree, if the application said consumer rewards MasterCard application, the debt would not be subject to the FDCPA if in the fact the charges were for a business purpose. . . . If the charges that my client made to the account were consumer in nature, than the debt is a consumer debt notwithstanding the use of the term business in the title of the application. [3]

This response was disingenuous. Mr. Francis' client knew that the account was opened and was used to make purchases for his carpentry business. *See*, Keith Saylor Deposition at p. 16, lines 6-19 (Doc. No. 32-3). Moreover, Mr. Saylor conceded that he <u>never</u> used the account for personal, family or household purposes. *See*, Keith Saylor Deposition at p. 16, lines 6-19, p. 18, lines 11-15 (Doc. No. 32-3) [4] Accordingly, from the outset, there was no basis to make any claim under the FDPCA because the debt was incurred exclusively as a business obligation which is not subject to regulation under the Fair Debt Collection Practices Act. *See*, *Boosahda v. Providence Dane, LLC*, 462 Fed.Appx. 331, 336 (4th Cir. 2012). *See also,* Memorandum Opinion (Doc. No 78 at p. 5).

Despite the January 12, 2015 e-mail, Mr. Francis continued, with reckless abandon, to pursue Mr. Saylor's Fair Debt Collection Practices Act claims until almost four (4) months later when on May 1, he announced his intention to dismiss the FDCPA causes of action. *See*, Doc. No. 23 at n.1. Plaintiff's counsel did not do so. Mr. Saylor was then deposed on May 4, 2015

---

[1] The remainder of this e-mail has been redacted because it discusses a settlement.
[2] This agreement was used to support Pinnacle's Motion for Summary Judgment on the Plaintiff's FDCPA claims by proving that the debt was incurred for business purposes.
[3] As with Exhibit 1, portions of the letter discussing settlement have been redacted.
[4] Mr. Saylor's testimony was referred to in this Court's Memorandum Opinion at Doc. No. 78, p. 2.

and examined at length regarding his FDCPA claims. Even though Mr. Saylor acknowledged at his deposition that the debt was solely incurred for business purposes, his counsel continued to prosecute the FDCPA claims, requiring Pinnacle to address the FDCPA claims in its motion for summary judgment.

The Plaintiff also asserted claims under the Fair Credit Reporting Act, which was likewise resolved in Pinnacle's favor on summary judgment. In Count IV of the Complaint, Mr. Saylor asserted a cause of action under 15 U.S.C. § 1681o, for negligent reporting of false credit information, a claim that requires proof of actual damages. However, as early as January 29, 2015, the Plaintiff conceded that not seeking actual damages under the FCRA but rather his claims were limited to statutory and punitive damages. *See,* Plaintiff's Rule 26 (a) disclosures, Exhibit 4. Under the FCRA, statutory and punitive damages are only permitted as to the claims in Count III (15 U.S.C. § 1681n) for <u>willful</u> non-compliance. As with the FDCPA claims, despite the fact that no actual damages were claimed, Mr. Saylor's counsel waited until June 25, 2015, to concede that he "no longer has a viable claim for actual damages" (Doc. No. 75) when filing a motion to dismiss Count IV, albeit without prejudice.

## II.  STANDARD OF REVIEW

28 U.S.C. § 1927 provides that "any attorney or other person admitted to conducted cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally of the excess costs, expenses and attorney fees reasonably incurred because of such conduct".

"Although the Fourth Circuit appears to have not directly addressed (the standard for conduct), it has indicated that § 1927 only requires a lower, objective standard of bad faith. *Salvin v. American Nat. Ins. Co.*, 2007 WL 1097891 at *3 (E.D.Va. Apr. 11, 2007), *citing*

*Fahrenz v. Metal Farms P'ship*, 850 F.2d 207, 211 n.1 (4th Cir. 1988). Further, in *Williams v. Family Dollar Servs., Inc.*, 327 F.2d 582 (E.D. Va. 2004), this Court explained that "'vexatious' conduct, by definition 'involves either subjective or objective bad faith.'" *Id*. at 585. (emphasis added). Awards under 28 U.S.C. § 1927 may be based "not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Salvin v. American Nat. Inst. Co., supra*, at *5, *quoting Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980).

### III.   ARGUMENT

Any objective analysis as to entitlement to an award under 28 U.S.C. §1927 starts with an examination of the Plaintiff's own filings, which establish that Plaintiff's counsel unreasonably and vexatiously multiplied these proceedings in two ways: (1) by continuing the prosecution of the FDCPA claims after January 12, 2015, the date when Mr. Francis was notified that the credit transaction was initiated for business purposes, and (2) by continuing to prosecute the FCRA claim in Count IV after Plaintiff served initial disclosures on January 29, 2015 admitting that he sustained only statutory damages, which are only available for a willful violation of the FCRA.

The ruling in *Tucker v. CBE Group,* 710 F. Supp. 2d 1301, 1307 (M.D.Fla. 2010) is instructive here. In *Tucker,* the Court awarded sanctions under 28 U.S.C. 1927, finding that the "Plaintiff and his attorney multiplied the proceedings in this case unreasonably and vexatiously and exhibited a deliberate indifference to obvious facts. Indeed, Plaintiff verified a claim with multiple allegations that contradicted his own deposition testimony". The Court elaborated that "even more troubling, Plaintiff's counsel, an officer of the Court, filed a complaint wherein a majority of the allegations had no basis in fact and then failed to dismiss any of these allegations, or requests for relief, until a summary judgment motion was filed when it became apparent that discoverable evidence would not bear out the majority of the Complaint's claims" *Id.*

In this case, the Plaintiff made the false claim in his Complaint that his debt was incurred for "personal, family or household purposes" (Doc. No. 1 at Paragraph 11). He also asserted actual damages (Doc. No. 1 at Paragraph 38) and failed to abandon his claim for negligent credit reporting after he served initial disclosures conceding he had no actual damages.

Unlike *Tucker* where the falsity of the allegations in the lawsuit were not revealed until the Plaintiff's deposition, the false premise of Plaintiff's FDCPA claims was made known well before Mr. Saylor's deposition. Further, the record here is even more troubling given that Plaintiff's counsel represented to this Court on May 1, 2015, before Mr. Saylor's deposition, that he was dismissing the FDCPA claims but failed to do so, thereby requiring Pinnacle to file its motion for summary judgment that addressed the FDCPA claims, Additionally, the lack of actual damages was known as of January 29, 2015, however Mr. Francis continued to litigate the claim in Count IV through summary judgment.

The approach to the fee award in *Tucker* is the appropriate procedure to follow here. As to the FDCPA claims, which comprise 40% of the five Counts, Pinnacle asks that it be allowed to recover 40% of its fees from January 12, 2015 (the date of notice to Plaintiff's counsel) until January 29, 2015 and that it be allowed to recover 60% of its fees from January 29, 2015 forward (for Counts I, II and IV) because Plaintiff's initial disclosures revealed the absence of any actual damages to support a claim for a negligent violation of the FCRA.

## IV. CONCLUSION

Pinnacle asks this Court to determine that Mr. Francis is liable for its attorney fees and costs under 28 U.S.C. § 1927 and to permit Pinnacle to submit a verified statement of attorney fees and costs within ten (10) days of the entry of any order in its favor.

THE LAW OFFICES OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire, VSB ##87187
200-A Monroe Street, #104
Rockville, Maryland 20850
rcanter@roncanterllc.com
bcanter@roncanterllc.com
Telephone: (301) 424-7490
*Attorneys for Defendant Pinnacle Credit Services, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document and was sent via ECF procedures on this 4th day of August, 2015 to the following:

Ernest P. Francis, Esquire
ERNEST P. FRANCIS, LTD.
505 Wythe Street
Alexandria, Virginia 22314
epfrancisltd@verizon.net
*Attorney for Plaintiff*

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
*Attorney for Defendant Pinnacle Credit Services, LLC*